PER CURIAM:
This claim was filed against the respondent by Bankers Pocahontas Coal Limited Partnership, hereinafter referred to as claimant Bankers, but when the evidence disclosed that a portion of the claim consists of certain monies expended by W. B. Swope, a partner in the limited partnership, the
Court amended the style of the claim to include W. B. Swope, individually, hereinafter referred to as claimant Swope.
By deed dated March 24, 1931 and of record in the Office of the Clerk of the County Commission of McDowell County, West Virginia, in Deed Book 119, at Page 341, Bankers Pocahontas Coal Company and its lessee, Kingston Pocahontas Coal Company conveyed to the County Court of McDowell County a parcel of land for the construction of a bridge over Tug River. The deed provided that title to the bridge and the parcel of land would revert to the grantors if the county court failed to maintain the bridge for a period of two consecutive years. Claimant Bankers is the successor to the rights of the grantors in the deed.
The bridge is the only method of vehicular access to the part of the City of Welch, West Virginia, in which the sanitary land fill and water systems are located as well as access to certain coal mines operated by claimant Bankers.
In April or May 1979, following complaints by local residents concerning the safety of the bridge, employees of the respondent inspected it and recommended that the bridge be posted for a three ton weight limit. Pursuant to the Commissioner's Order of July 17, 1979, *50 the respondent posted the bridge for a three ton weight limit. There was some indication in the record that the county court had posted a three ton limit on the bridge sometime previous to the action by the respondent.
As a result of the 1979 posting, claimant Bankers was prohibited from driving its coal trucks across the bridge. In fact, they were stopped by law enforcement officers. Local residents continued to use the bridge, as well as trucks of the City of Welch proceeding to and from the sanitary land fill. Claimant Bankers filed suit for declaratory judgment in the Circuit Court of McDowell County against respondent to determine ownership of the bridge. The Circuit Court found that the county court had failed to maintain the bridge for at least a period of two consecutive years, and the title to the bridge had reverted to claimant Bankers. The Court further ordered the Commissioner to rescind its posting order and enjoined respondent from exercising further jurisdiction over the bridge.
During the period of time in which the coal trucks were unable to use the bridge, claimant Bankers attempted to develop and use a dirt road over the mountain to Premier, West Virginia. This effort was stopped by the Department of Natural Resources. Claimant Swope, one of the partners in the limited partnership, had a low water bridge constructed near the existing bridge to enable the coal trucks to cross the river. This low water bridge was also used by some of the local residents until it was subsequently destroyed by high water.
Claimant Bankers seeks to recover $1,544.82 expended on repairs to the bridge prior to the 1979 posting by the respondent and attorney fees and costs of $1,016.41 incurred in the declaratory judgment suit against respondent.
Claimant Swope seeks to recover $6,211.76 expended by him on behalf of claimant Bankers for materials used in the construction of the low water bridge.
The McDowell County Circuit Court ruled that the title to the bridge had vested in claimant Bankers. There can be no recovery of funds expended by claimant Bankers for repairs on its bridge prior to the posting of the weight limits by the respondent, nor is there any authority or basis for this Court to make an award for the attorney fees and costs expended by claimant Bankers in the McDowell County litigation. However, it was necessary for the claimants to provide a means of access for trucks to their mining operation, and to do so, the low water bridge was erected. Claimant Swope, as a partner in Bankers Pocahontas Coal Limited, paid invoices of $6,211.76 for materials used in the construction of the low water bridge.
The Court finds that claimant Swope is entitled to an award for the costs expended by him on the low water bridge and makes an award of $6,211.76. The Court denies the claims of claimant Bankers Pocahontas *51 Coal Limited Partnership for repairs to its bridge and attorney fees and costs expended in the declaratory judgment suit against the respondent.
Award of $6,211.76 to W. B. Swope.